**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4336**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TERRY LEON BLANKENSHIP,

Defendant – Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Thomas E. Johnston, District Judge.  (1:23-cr-00097-1)

---

SUBMITTED:  May 20, 2026                     Decided:  July 13, 2026

---

Before KING, THACKER, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Moore Capito, United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the Southern District of West Virginia, defendant Terry Leon Blankenship challenges his June 2025 criminal judgment of conviction. *See United States v. Blankenship*, No. 1:23-cr-00097 (S.D. W. Va. June 12, 2025), ECF No. 182 (the "Criminal Judgment"). Following a one-day trial in Bluefield in January 2024, Blankenship was convicted by the jury of the following three offenses:  one count of attempting to obstruct and, in any way, interfere with and prevent the enforcement of 18 U.S.C. § 1591, in violation of 18 U.S.C. § 1591(d); one count of knowingly attempting to corruptly persuade another person with the intent to influence and prevent testimony in an official proceeding, in contravention of 18 U.S.C. § 1512(b)(1); and one count of knowingly conspiring to commit offenses against the United States in violation of 18 U.S.C. § 1512(b)(1), by attempting to corruptly persuade another person with the intent to influence and prevent testimony in an official proceeding, in contravention of 18 U.S.C. § 1512(k).[1]  In May 2025, the district court resolved to impose on Blankenship a concurrent prison sentence of 144 months, followed by a term of supervised release for life.

On appeal, Blankenship maintains that the district court made four fatal errors that infect the Criminal Judgment.  More specifically, Blankenship maintains:  (1) that the court abused its discretion regarding an evidentiary ruling at trial related to the cross-examination of a government witness by Blankenship's lawyer; (2) that the government failed to prove

---

[1] The three offenses for which Blankenship was convicted by the jury stem from the grand jury's Second Superseding Indictment of October 2023. *See United States v. Blankenship*, No. 1:23-cr-00097 (S.D. W. Va. Oct. 17, 2023), ECF No. 45.

beyond a reasonable doubt that Blankenship engaged in the "substantial step" necessary to be convicted of the above-described attempt and conspiracy offenses, such that the court should have granted his Rule 29 motion for judgment of acquittal; (3) that the court erred at the sentencing stage by imposing several enhancements pursuant to the Sentencing Guidelines; and (4) that his 144-month prison sentence — which varied upward from the court's calculated Guidelines range of 87 to 108 months — is substantively unreasonable.

Relevant to the issues raised by Blankenship on appeal, we review a district court's evidentiary rulings for an abuse of discretion. *See, e.g.*, *United States v. Hudak*, 156 F.4th 405, 408-09 (4th Cir. 2025). To that end, a court abuses its discretion "if its decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *Id.* (citation modified). Furthermore, we "review de novo a district court's denial of a motion for judgment of acquittal, made pursuant to Rule 29." *See United States v. Davis*, 75 F.4th 428, 437 (4th Cir. 2023).[2] Meanwhile, as to Blankenship's sentence-related appellate challenges, we "review sentencing decisions for unreasonableness." *See United States v. Booker*, 543 U.S. 220, 261 (2005). In so doing, we review a sentencing court's "legal conclusions *de novo* and its factual findings for clear error." *See United States v. Thornton*, 554 F.3d 443, 445 (4th Cir. 2009) (citation modified). Ultimately, "the reasonableness of a sentence focuses on whether the sentencing court abused its discretion in imposing the

---

[2] Our Court has emphasized that a defendant seeking to challenge the sufficiency of evidence under Rule 29 faces a "heavy burden." *See Davis*, 75 F.4th at 437 (citation modified). That is, "[r]eversal for insufficient evidence is reserved for the *rare case* where the prosecution's failure is *clear*." *Id.* (citation modified) (emphasis added).

3

chosen sentence," *see United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007), "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range," *see Gall v. United States*, 552 U.S. 38, 51 (2007).

In these circumstances, having carefully assessed the record on appeal — as well as the various appellate submissions of the parties — we discern no reversible error. Rather, we are of opinion that the able district judge carefully and thoroughly analyzed the various contentions interposed by Blankenship in the underlying court proceedings, and that the judge properly assessed and disposed of each of them on sound and legally correct bases.

* * *

Pursuant to the foregoing, we are satisfied to reject each of Blankenship's appellate contentions and affirm the Criminal Judgment. Furthermore, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court, and because an argument would not aid the decisional process.

*AFFIRMED*